**SUALEVAI LAULELEI SEA, Claimant**

**v.**

**TAFEA FAAUMA SEUI, T.S. TUIMOLOAU, SI'ITUA SAVINI, LETALU M. MOLIGA,PESE MASELINO, PULEISILI F. TUIOLESEGA, & SEGILA PUIAI VAEAO,**
**Objectors/Counter-Claimants**

**In the Matter of the Matai Title "LOLO"**

In the High Court of American Samoa
Land and Titles Division

MT No. 09-93

March 23, 1994

Before KRUSE, Chief Justice, VAIVAO, Associate Judge, AFUOLA, Associate Judge, and BETHAM, Associate Judge.

Counsel:     For Tafea F. Seui, Robert A. Porter
             For Si'itua Savini, Gata E.W. Gurr
             For Letalu M. Moliga, Afoafouvale L.S. Lutu
             For Segila P. Vaeao, Albert Mailo

Opinion and Order:

Four of the candidates in this matter had withdrawn their respective matai-succession claims at different times during these proceedings. When the matter was finally submitted to the court for its deliberation, the following parties remained: Tafea F. Seui, Si'itua Savini, Letalu M. Moliga, and Segila P. Vaeao.

In these matters, we are guided by the four criteria set out in A.S.C.A. § 1.0409(c):

## 1. Hereditary Right

All the candidates traced their respective lineages to a common ancestor, the first titleholder, Lolo Ututautu'u aka Tautu'u, aka Nu'uto'a. Their respective family histories were also in agreement on the number of issue of the original titleholder; to wit, three. These children, in turn, gave rise to the three customary clans of the Lolo family.

■ In these, albeit infrequent, circumstances in which family history is by and large harmonious, it seems that the "Sotoa rule"[1] is the less arbitrary method of assessing hereditary entitlement. In our review of the *gafa* (genealogies) submitted, we find that candidate Savini is two generations ahead of the other candidates. We conclude that Savini prevails on the issue of hereditary right.

## 2. Wish of the Clans

As alluded to above, the preponderance of the evidence showed that the Lolo family has three clans. The evidence also revealed that the family title has been vacant for more than thirty years, after Lolo Lauvao resigned the title to assume the Lutali title of Aunu'u. Following Lauvao's resignation, the family held numerous meetings, both within and without Sili, to select a matai successor. After several meetings, without any of the then-candidates yielding any ground whatsoever, the family directed the candidates to meet for the purpose of selecting a titleholder from among themselves. A subsequent series of meetings by the candidates likewise failed to produce a consensus. The issue was then apparently left in abeyance until Sualevai L. Sea decided to bring the matter to a head by offering the title for registration on December 4, 1992. This offer attracted a number of objections and counterclaims, which not only included objections from some of the original candidates, but also from a new set of candidates altogether. The only candidate remaining from the days of those earlier meetings of the family who is before the court today is Letalu.

Subsequent to the registration offer, the resulting candidates attempted to meet on a number of occasions to narrow the field. Those efforts did not produce a unanimous decision; however, a number of candidates

---

[1] The court in In re Matai Title Sotoa, 2 A.S.R.2d 15 (Lands & Titles Div. 1984), calculated blood relationship to the original titleholder, as opposed to the nearest titleholder in a candidates genealogy.

subsequently withdrew their succession claims in favor of Letalu after participating at one particular meeting, which resulted in the presentation of the Lolo title's kava cup to Letalu. Two of the parties, Savini and Vaeao, were not present at that meeting, and thus they continue to seek judicial determination of the matter. Likewise, Tafea seeks judicial resolution, even though he participated in the kava-presentation ceremony and accepted the appropriate customary presentations made by Letalu.

■ While each party can claim some family support, we find that candidate Letalu had the most credible claim to support from the majority, if not from all, of the clans of the family. Letalu was a candidate before the family in its deliberations. When the family had earlier instructed Letalu and his fellow contenders to meet and decide on a holder, we can infer from that family decision that Letalu was at least acceptable to the family to hold the Lolo title. As testified to by High Talking Chief Sualevai, before he moved to withdraw his claim, none of the candidates before the court, except himself and Letalu, were even considered by the family in any of its many deliberations. Furthermore, we find that the presentation of the kava cup to Letalu by family members, which included all but two of the claimants who sought registration of the title, is significantly indicative of family support favoring Letalu. The presentation of the kava cup roughly equated compliance with the family's decision to leave it to the various contenders to select a titleholder from among themselves.

We conclude that candidate Letalu prevails on the issue of clan support.

### 3. Forcefulness, Character and Personality, and Knowledge of Samoan Customs

Candidates Tafea and Letalu present the stronger credentials. They are both college graduates, with Tafea having additionally completed postgraduate studies, which culminated in his obtaining his doctoral degree in education. Both have held responsible white-collar positions within the Department of Education. We rank Letalu, however, ahead of Tafea in forcefulness, character and personality. While Tafea has dedicated his life to the education of the children of American Samoa, Letalu's varied career experience has exposed him to policy and managerial roles outside the field of education. After eight years with the Department of Education, Letalu was elected to four terms as a representative in the House of Representatives. As a legislator, he chaired the important Ways and Means and Budget Committees of the House of Representatives. He then resigned from the Fono in 1984 to

join the executive branch as the Governor's budget director. He has since left government and is now in private business as a construction contractor.

Tafea, Letalu, and Savini are matai, with Tafea purporting to hold, unlawfully, a second matai title. Although they have all been matai for several years now, Letalu stands out in his service to his village as a matai. Furthermore, the Associate Judges found Letalu to be noticeably ahead of all of the candidates on matters of Samoan customs.

We conclude that Letalu prevails on the question forcefulness, character and personality, and knowledge of Samoan customs.

## 4. Value to Family, Village, and Country

In our evaluation of the parties, we rate candidate Letalu ahead of the other candidates on this criterion. His education, career history, and participation and experience in the affairs of the village of Tau as a leading matai of some 14 years' standing speak strongly for his capacity for leadership and thus potential value to family, village, and country. Although Tafea has also been a matai for an equal amount of time, it was evident on the testimony that his attempt to hold two titles necessarily compromised his effectiveness to serve two different families at same time. He conceded that he was not always responsive to his obligations as a matai of Sili village. Significantly, the Lolo family has been leaderless for too many years, with the result that the family has become very much fragmented. It goes without saying that strong, effective leadership is critical. Letalu impresses us as best fitting that role.

## CONCLUSIONS

Based on the foregoing, we hold that Letalu M. Moliga is qualified to hold the title Lolo. Although Savini prevails on hereditary considerations, Letalu prevails on the second, third, and fourth criteria. The Territorial Registrar shall accordingly register the Lolo title from the village of Sili in candidate Letalu M. Moliga, in accordance with the requirements of A.S.C.A. § 1.0409(b).

It is so ordered.